WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Phillip A. Smith; and Amy R. Smith,<br><br>Plaintiffs,<br><br>vs.<br><br>JPMorgan Chase Bank; Washington Mutual Bank, FA; Green Tree Servicing, LLC,<br><br>Defendants. | No. CV-11-8046-PCT-DGC<br><br>**ORDER** |

Plaintiffs Phillip and Amy Smith own real property located in Flagstaff, Arizona. They have filed an ex parte motion for a temporary restraining order ("TRO") and a permanent injunction, seeking to enjoin a foreclosure sale of the property scheduled for April 19, 2011. Doc. 7. For reasons stated below, the motion will be denied.

To obtain preliminary injunctive relief such as a TRO, the plaintiffs must show that they are likely to succeed on the merits, that they are likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in their favor, and that injunctive relief is in the public interest. *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 129 S. Ct. 365, 374 (2008). The test includes a sliding scale. If the plaintiffs show that the balance of hardships will tip sharply in their favor, they need not make a strong showing of likelihood of success on the merits – the existence of serious questions will suffice. *Alliance for Wild Rockies v. Cottrell*, 622 F.3d 1045, 1049-53 (9th Cir. 2010). Serious questions exist when the plaintiffs show a "'fair chance of success on the merits.'" *Republic of the Philippines v. Marcos*, 862 F.2d 1355, 1362 (9th Cir.1988) (en

banc) (quoting *Nat'l Wildlife Fed'n v. Coston*, 773 F.2d 1513, 1517 (9th Cir.1985)). For purposes of deciding the motion, therefore, the Court must determine whether Plaintiffs have shown a likelihood of success on the merits or the existence of serious questions.

Plaintiffs assert that their claims for quiet title and declaratory relief (*see* Doc. 1 ¶¶ 96-102, 105-08) raise significant legal issues, and that they are likely to prevail on those claims because "their Note was 'securitized' – pooled and then re-sold to third-party investors, likely in the form of certificates evincing ownership in an investment vehicle rather than in the form of ownership of a specific promissory note." Doc. 7-1 at 4. Plaintiffs, however, cite no legal authority showing that the securitization of their Note renders the scheduled foreclosure sale unlawful or otherwise improper. Plaintiffs claim that Defendants must prove who actually owns the Note (*id.* at 5), but courts in this District and others "consistently have rejected this 'show me the note' legal theory." *Nichols v. Bosco*, No. CV-10-01872-PHX-FJM, 2011 WL 814916, at *3 (D. Ariz. Mar. 4, 2011) (citing *Diessner v. MERS*, 618 F. Supp. 2d 1184, 1187 (D. Ariz. 2009)). Noting that Defendants may be able to establish their legal rights during the discovery phase of the litigation, Plaintiffs themselves recognize that they are not likely to prevail on their declaratory relief claim. Doc. 7-1 at 5. Plaintiffs state that they seek only to establish that Defendants have the legal right to pursue the foreclosure sale (*id.*), but this is an insufficient basis for a TRO or other form of injunctive relief.

Because the Court concludes that Plaintiffs have failed to show a likelihood of success on the merits or the existence of serious questions, the Court will not issue a TRO or a permanent injunction. The Court need not address the other requirements for injunctive relief.

**IT IS ORDERED** that Plaintiffs' ex parte motion for temporary restraining order and permanent injunction (Doc. 7) is **denied**.

Dated this 18th day of April, 2011.

cc: All parties

_____
David G. Campbell
United States District Judge