**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Phillip A. Smith and Amy R. Smith,<br><br>Plaintiffs,<br><br>vs.<br><br>JP Morgan chase Bank; Washington Mutual Bank, FA; Green Tree Servicing, LLC; and Does 1 through 10, inclusive,<br><br>Defendants. | No. CV11-8046-PCT DGC<br><br>**ORDER** |

Defendant Green Tree Servicing, LLC ("Green Tree") filed a motion to dismiss Plaintiffs' complaint on May 20, 2011. Plaintiffs did not file a response, and on July 28, 2011, the Court summarily granted Green Tree's motion. On August 9, 2011, Green Tree filed a motion for attorneys' fees. Doc. 21. The motion has been fully briefed. Docs. 24, 25. For the reasons stated below, the court will deny Green Tree's motion.

**I.     Legal Standard.**

Pursuant to Federal Rule 54(d)(2), a request for attorneys' fees must be filed by motion. Fed. R. Civ. P. 54(d)(2). Among other requirements, the motion must "specify the judgment and the statute, rule, or other grounds entitling the movant to the award." *Id.* Additionally, Local Rules 54.2 requires that "at a minimum" the motion include "the applicable judgment and the statutory or contractual authority entitling the party to the

award." LRCiv 54.2(b)(A). Local Rules 54.2 also requires the moving party to submit a memorandum in support of the fees, setting forth, in order and under separate headings, the eligibility, entitlement, and reasonableness of the requested award. LRCiv 54.2(c)(1)-(3). The moving party must also provide supporting documents, including (1) a statement of consultation, (2) the attorneys' fee agreement, (3) a "task-based itemized statement of fees and expenses," and (4) an affidavit of moving counsel attesting to the reasonableness of rate and reasonableness of time spent and expenses incurred. LRCiv 54.2(d)(1)-(4).

## II. Motion for Attorneys' Fees.

Defendant's motion refers to the Court's July 28 order granting its motion to dismiss as the applicable judgment for which it requests fees. Doc. 21 at 1. The motion also includes a task-based statement itemizing relevant attorneys' fees and expenses and an affidavit from moving counsel containing a statement that, based upon his experience, the fees and time spent are reasonable and appropriate. Doc. 22, 22-1, Ex. A. In substance, however, the motion does not come close to meeting the pleading requirements of Rule 54 and Local Rules 54.2. First, the motion states no statutory basis for recovery of fees as minimally required by both rules. Second, the motion contains no separate memorandum setting forth the eligibility, entitlement, and reasonableness of the award, as required by Local Rules 54.2(c)(1)-(3). Third, the motion contains no statement of consultation as required by Local Rules 54.2(d)(1).

Defendant concedes, as it must, that the motion "was not the bastion of compliance with Rule 54(d) and LRCiv 54.2." Doc 25 at 2 n. 1. Defendant concedes this in a footnote in which it then dismisses its failings as "technical difficulties." *Id.* Defendant argues that it should not be punished for "a slight procedural malady" because it has demonstrated "overall conformity" with the rules. *Id.* The Court disagrees.

Defendant admits that it left out "a citation to the exact statute" under which it was entitled to relief. In fact, Defendant cited to no rule or statute as a basis for relief. Instead, Defendant asks the Court to infer from its allegations stating that it was the

prevailing party to a contract claim and that the motion stated a plea for relief under A.R.S. § 12-341.01. Doc. 25 at 8. In the alternative, Defendant argues that it referenced Rule 11 sanctions in its initial motion to dismiss and that this should serve as an adequate basis for its entitlement to attorneys' fees. Doc. 25 at 3. The Court will not reach so far to import legal bases that the relevant pleading rules require to be stated in the instant motion.

Defendant also argues that because Plaintiffs did not dispute the reasonableness of attorneys' fees when they faulted Defendant's motion as lacking a statutory basis for relief, Plaintiffs "appeared to have accepted the justification [of fees] provided," and the motion should be granted. Doc. 25 at 2. Plaintiff, however, had no obligation to dispute the appropriateness of fees when it argued that Defendant had yet to make an appropriate statutory claim.

As Plaintiffs note, Defendant also failed to provide a memorandum setting forth its eligibility, its entitlement, and the reasonableness of its requested fees. Doc. 24 at 3. Defendant argues that the declaration of its counsel, David Allen, addressed these points. *Id.* Even if the Court were to accept this declaration as a substitute for the three-part memorandum required by Local Rule 54.2(c), it simply is not the case that the declaration discusses either Defendant's eligibility or entitlement to fees as required by Local Rules 54.2(c)(1) & (2). Additionally, although the declaration contains a summary statement that the fees and time spent were reasonable, it discusses none of the factors bearing on reasonableness contained in Local Rule 54.2(c)(3). Defendant claims to cure any deficiencies in its reply. Doc. 25 at 3-4. Regarding the reasonableness of the requested award, however, the reply also fails to discuss any factors under Local Rule 54.2(3); instead, it states a summary conclusion that "[w]hen considering the factors articulated by Local Rule 54.2(c)(3), it is clear that the undertaking of counsel . . . was reasonable and appropriate for the results obtained." *Id.* at 4. Even if the Court were to accept new

arguments raised in the reply, Defendant fails substantively to satisfy Local Rule 54.2(c)(3).

Defendant also omitted any statement of consultation even though Local Rule 54.2(d)(1) expressly states that "no motion for award of attorneys' fees will be considered unless a separate statement of the moving counsel is attached." LRCiv 54(d)(1). This is to certify that the parties have already made a good-faith effort to resolve the fee issues without success. *Id.* Defendant attempts to cure this deficiency by submitting a supplemental declaration of its attorney, David Allen, recounting a discussion he initiated with Plaintiffs' counsel requesting payment of fees on September 1, 2011. Doc 25 at 8. Courts have discretion to allow a party to supplement required documents to a motion (*See Schrum v. Burlington N. Santa Fe Railway Co.*, No. CV 04-0619-PHX-RCB, 2008 WL 2278137, at *2; (D. Ariz. May 30, 2008) (making a one-time allowance for the late submission of a statement of consultation in the reply brief); *accord*, *Aillo v. Windham Prof"ls*, No. CV 10-1005-PHX-MHM, 2010 WL 4942755 (D. Ariz. Nov., 24, 2010) (allowing late submission of the required fee agreement where fees were not in dispute). Here, however, Defendant's late submission fails to satisfy the Local Rule requirements because the only consultation it alleges consists of an unanswered request for fees Defendant made to Plaintiffs' counsel *after* the submission of its motion. See *Societe Civile Succession Richard Guiono v. Beseder Inc.*, No. CV 03-1210-PHX-MHM, 2007 WL 3238703, at *8  (D. Ariz. Oct. 31, 2007) ("[A]fter the fact communication or consultation is clearly contrary to both the letter and the spirit of the Rule which requires the statement of consultation to be attached to the supporting memorandum certifying that a good faith effort was made to resolve the disputed issues.").

The requirements of both Federal Rule 54 and Local Rules 54.2 are not mere suggestions, but requirements to provide the Court with a substantive basis upon which to decide the eligibility and appropriateness of granting the requested relief. "[T]hese

requirements are not advisory, but are mandatory to support an award of attorneys' fees." *Societe Civile*, WL 3238703, at *7.

**IT IS ORDERED:**

Defendant's motion for attorneys' fees (Doc. 21) is **denied**.

Dated this 26th day of September, 2011.

_____
David G. Campbell
United States District Judge